[Cite as *State v. Ruffer*, 2020-Ohio-2656.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio                                                    Court of Appeals No. F-19-007

      Appellee                                              Trial Court No. 18CR000015

v.

Ian C. Ruffer                                                    **DECISION AND JUDGMENT**

      Appellant                                             Decided:  April 24, 2020

* * * * *

Scott A. Haselman, Fulton County Prosecuting Attorney, for appellee.

Edward J. Stechschulte, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal of a June 12, 2018 sentencing judgment of the Fulton County Court of Common Pleas, sentencing appellant to a total term of incarceration of 50 months following appellant's guilty pleas, pursuant to a negotiated plea agreement, to one count of aggravated trafficking in methamphetamines, in violation of R.C. 2925.03, as amended to a felony of the third degree, one count of trafficking in marijuana, in violation of R.C. 2925.03, as amended to a felony of the fifth degree, and one count of

trafficking in suboxone, in violation of R.C. 2925.03, as amended to a felony of the fifth degree.

{¶ 2} In exchange for the pleas to the three amended offenses, an additional 12 pending felony drug offenses were dismissed. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Ian Ruffer, sets forth the following four assignments of error:

1: The trial court erred in failing to merge Appellant's convictions, thereby violating the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.

2: Appellant's trial counsel deprived Appellant of his rights to the effective assistance of counsel, and due process of law [of the United States and Ohio constitutions].

3: The trial court failed to consider the seriousness and recidivism factors of R.C. 2929.12 and, therefore, the 50-month sentence is clearly and convincingly contrary to law.

4: The trial court erred in sentencing Appellant to consecutive sentences pursuant to R.C. 2929.14(C)(4).

{¶ 4} The following undisputed facts are relevant to this appeal. On January 10, 2017, appellant and an acquaintance appeared at the Eastern District Court in Swanton in connection to a separate criminal matter while under the influence of narcotics. Local

2.

police were summoned to the court. Local law enforcement has longstanding familiarity with appellant given his criminal history in the area for numerous prior drug related offenses.

{¶ 5} Appellant, whose conduct was directly observed by court personnel and the responding officers to be indicative of drug intoxication, was similarly observed to have fresh drug injection marks on his arm. In the course of the investigation, appellant conceded to heroin use prior to going to court on the day that this incident occurred.

{¶ 6} A subsequent search of appellant's person and vehicle recovered considerable quantities of multiple unlawful drugs, with each drug being from a different statutory drug schedule classification, including methamphetamines, marijuana, heroin and suboxone, in addition to the recovery of drug injection syringes.

{¶ 7} On February 13, 2018, appellant was indicted on a total of 15 felony drug offenses stemming from the above-described courthouse incident. Appellant's sizeable criminal history includes in excess of 50 prior convictions and multiple prior terms of incarceration over the course of the 15-year period preceding this incident.

{¶ 8} Despite appellant's significant criminal history, appellant was furnished a favorable plea agreement through which 12 of the 15 pending felony offenses were dismissed and the remaining three were amended to lower level offenses.

{¶ 9} On April 5, 2018, appellant pled guilty to three amended felony drug offenses involving methamphetamines, marijuana, and suboxone. A presentence investigation was conducted.

3.

{¶ 10} On June 12, 2018, appellant was sentenced to consecutive terms of incarceration, totaling 50 months, for the three above-described convictions. The sentence was ordered to be served concurrently with a separate sentence imposed in a prior criminal case that was pending against appellant at the time of these events. This appeal ensued.

{¶ 11} In the first assignment of error, appellant asserts that the trial court erred in not merging appellant's three convictions in this matter for sentencing purposes. We do not concur.

{¶ 12} R.C. 2941.25(A) establishes, in relevant part, that criminal conduct which, "can be construed to constitute two or more allied offenses of similar import * * * the defendant may be convicted of only one." This necessitates the merger of convictions which constitute allied offenses of similar import for sentencing purposes.

{¶ 13} This court's decision in *State v. Johnson*, 6th Dist. Ottawa No. OT-13-022, 2014-Ohio-1558, is analogous and illustrative to the instant case. As held in *Johnson* at ¶ 7-9, "*Possession of different drug groups constitutes different offenses* under R.C. 2925.11 and possession of either cocaine or heroin will never support a conviction for possession of the other * * * Simultaneous possession of different drugs under R.C. 2925.11 *do not constitute allied offenses of similar import for purposes of sentencing.*" (Emphasis added).

{¶ 14} As applied to this case, appellant's subject drug trafficking convictions stemmed from three separate drugs, each belonging to a separate drug classification.

Methamphetamine is a schedule II drug, marijuana is a schedule I drug, and suboxone is a schedule III drug. As such, in accordance with *Johnson*, trafficking in any one of these drugs does not support a conviction for trafficking in another one of them. Thus, appellant's convictions are not allied offenses of similar import for sentencing purposes.

{¶ 15} Accordingly, the trial court did not err in finding that the offenses are not allied offenses of similar import. Merger of these offenses for sentencing purposes would not have been proper. Appellant's first assignment of error is found not well-taken.

{¶ 16} In appellant's second assignment of error, appellant maintains that his counsel was ineffective. We do not concur.

{¶ 17} It is well-established that in order to demonstrate the ineffective assistance of counsel, one must establish both that counsel's performance fell below an objective standard of reasonableness, and show that, but for counsel's error(s), the outcome of the case would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 18} Given our determination above that the trial court did not err in not merging appellant's convictions for sentencing purposes, as they were not allied offenses of similar import, we therefore find as a matter of law that appellant cannot demonstrate that the outcome of the matter would have been different but for trial court actions which were proper.

{¶ 19} Wherefore, we find appellant's second assignment of error not well-taken.

{¶ 20} In appellant's third assignment of error, appellant contends that the trial court neglected to consider the R.C. 2929.12 seriousness and recidivism factors, thereby compromising the propriety of the sentence. The record of evidence clearly refutes this contention.

{¶ 21} In support of this assignment of error, appellant unilaterally asserts that, "[T]he trial court failed to consider the seriousness and recidivism factors of R.C. 2929.12." The record of evidence does not bear out this claim.

{¶ 22} The transcript of the sentencing hearing runs counter to appellant's position. The transcript reflects thorough consideration of the statutory factors, and shows the requisite application of them to the facts and circumstances of this case.

{¶ 23} The trial court stated in pertinent part, "Under those [R.C. 2929.12] factors to be considered making the Defendant more likely to commit future crimes, the offender was adjudicated as a delinquent and also has a [considerable adult] history of criminal convictions * * * [T]he offender has shown no real remorse * * * A prison term is consistent with the purposes and principles of sentencing * * * The defendant is not amenable to available community control sanctions, community control sanctions would demean the seriousness of the Defendant's conduct, and a sentence of imprisonment is commensurate with the seriousness of the Defendant's conduct. * * * [C]onsecutive service is necessary to protect the public from future crime and or to punish the offender * * * The Court also finds that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public."

6.

{¶ 24} Consistent with the above-quoted excerpt of statutory considerations at sentencing, the record reflects that appellant's criminal history encompasses in excess of 50 criminal offenses prior to the 15 felony offenses underlying this case. It further reflects that appellant committed the instant offenses while on the premises of the trial court in the course of separate criminal matters.

{¶ 25} Suggestions that the trial court failed to properly consider the R.C. 2929.12 factors are not supported by the record of evidence and are without merit. Wherefore, we find appellant's third assignment of error not well-taken.

{¶ 26} In appellant's fourth assignment of error, appellant similarly contends that the trial court erred in imposing consecutive sentences in this case. We do not concur.

{¶ 27} R.C. 2929.14(C)(4) establishes that,

[T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger it poses to the public, and * * * The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 28} These precise statutory considerations and requirements, so as to warrant the imposition of consecutive sentencing, are fully reflected in the above-excerpted

7.

portions of the trial court sentencing transcript conveyed in our response to the third assignment of error.

{¶ 29} The record reflects full consideration of, and compliance with, R.C. 2929.14(C)(4) in support of the trial court's imposition of consecutive sentences in this case.

{¶ 30} Wherefore, we find appellant's fourth assignment of error not well-taken.

{¶ 31} On consideration whereof, we find that substantial justice has been done in this matter. The judgment of the Fulton County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                 _____
                                                   JUDGE
Thomas J. Osowik, J.          

                                          _____
Christine E. Mayle, J.                                        JUDGE
CONCUR.

                                          _____
                                                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.